Good morning. The next case on our docket this morning is in the matter of the estate of Harold Watts, and in the matter of the estate of Vernon Denbo, and in the matter of Francis Moll. And we are consolidating these cases for argument. And you are Mr. Van Leer Eckert? That is correct, Your Honor. Good morning. Good morning. And you're arguing for all three cases? That is correct, for the appellate in all three cases, John Pulaski. That's correct. Okay, you may proceed. Good morning. We're down here today to argue an issue that I was not able to find anything in any trial court or appellate court that was right on point with this. But the issue here is Mr. Pulaski was appointed the administrator of three different estates in St. Clair County. Pursuant to his role as administrator, some money then subsequently turned up missing from all three estates. Pursuant to the statute, which I'm sure everybody's familiar with, the trial court then asked Mr. Pulaski to provide an accounting of his activities. Could we back up one step? Yeah. You said he was the public – he was appointed administrator. He was not – was he a public administrator? That is a question that's been raised all the way up to Springfield and even to Mr. McGoy to address the issue. There was some confusion. The St. Clair County Circuit Court had thought at one time that Mr. Pulaski had been appointed by the governor to be the public guardian of St. Clair County. Okay, public guardian versus public. Is it the same thing or different? Well, in this case, as the public guardian, he was to be appointed the administrator of any estate to which there was nobody who would step forward and be active in that capacity. Okay, is a bond required? Typically, a bond would be required, but in none of these cases was a bond required. Typically, a bond would be required of the public guardian for each county. However – But it's not handled on – it's handled on an individual basis? Like when the estate of so-and-so, you have to post so much – you have to have a bond? Typically, typically that's correct on an individual basis. But my understanding of the way that the public guardian is set up in the state of Illinois, each county is to have a public guardian that's appointed by the governor. See, I didn't know that. I thought it was the county that did that. No, the governor actually makes the appointment. Okay, then is the bond – to accept that position, does he have to get a general bond to cover anything he might do? That is correct, he does. However, in this case, the confusion arose when these three cases came to light, that these allegations of the money was missing, came to light. The Buffalo News Democrat contacted Blagojevich's office, and they said there is no public guardian. Well, I would think the person that's looking for the money would contact him. Well, it was actually the News Democrat, and they contacted Governor Blagojevich's office, and the governor's office said, no, there is not a public guardian for St. Clair County, nor has there been a public guardian in St. Clair County for a significant period of time. We do not know who John Pulaski is. We've never appointed him public guardian, and we have no record of him being a public guardian. Now, is Pulaski arguing on his side that he was appointed, or not saying anything? No, he is not arguing – we're silent on that issue. I'm just – as a background, in an effort to clarify and answer your questions, he's silent on that ground. We're not sure – I don't know, and I have not gotten to talk to John about that specific issue, but we don't know how it is that the St. Clair County Circuit Court came to think that he was the public guardian, because he was – whenever they appointed somebody, they would appoint John with the understanding that he was the guardian that was appointed by the governor. Now, is there some – in other cases, is there some sort of document that the court knows about that's printed up, the secretary is hereby appointed, blah, blah, blah, and this was not required in these cases? There's a list that the governor's office produces that lists the public guardian for every – I think there's 101 counties. There's 102. 102. All 102 counties have a public guardian, and there's a list provided by the governor's office with the name of the person for each county. St. Clair County, they – we don't know, and the Belarus Democrat has tried to get answers from St. Clair County, but nobody knows how Mr. Pawlowski came to be appointed public guardian when he was never appointed public guardian. Now, another question I have is we received letters, the court did, that the Watts case and the Denbo case had been settled. Yeah, we have entered into a consent judgment in both of those cases. Okay, now let's go – but we did – is there a settlement to the third case? There is not, no. Okay. The third case is still open. We're trying to work out some sort of agreement with the attorney for the estate in the third case, and that's Francis Moll. Now, the reason I ask that is because I'm going to ask the question. This is indirect or direct civil contempt. Correct. And so in direct civil contempt, the party charged has the – the finding of contempt has the keys to the courthouse. That's correct. I mean, keys to how to get out of jail, I mean. That's correct, yes. Okay, so if those two cases have been settled, he can't be put on the stand and asked a question because he's – it can't be asked because that party's not there anymore. The case is settled. It's no longer. Yeah, and that was a concern of ours, whether or not the issue would actually be moved coming before you now. No, that's what I was going to ask. Why are you here on those two cases? Well, we just felt like it was necessary for us to come down here and address the issue of whether or not – because the trial court's position is, as I understand it, there are still statuses set because of the consent judgment. Nothing's actually been finalized. Well, I'm just worried about these cases that we have. Now, that might be good in Springfield because advisory opinions, but we can't issue an advisory opinion. So that just leaves us, I think, maybe with one case, does it not? Or how do you see it? I would agree with you, Your Honor. I would agree that there is just one case. Those cases have, for all effects and purposes, been settled. Really, the only case that's still actually pending before the trial court in St. Clair County is the Francis Muller case. Now, the issue in all three cases are – We understand the issue is the same. So, yeah, I would agree with you that it would appear to be that because of the consent judgment, the issue is moved as to Vernon Denbo and Harold Watkins. But I believe the issue is right for adjudication as to Francis Muller. So now I would think you would argue just basically under that circumstance. That's correct, yes. I mean, I'm basically going to make the argument that – the same argument for each of the cases. I'm not sure I understand what you're saying. Well, and there's been no immunity granted. There has been no immunity granted whatsoever. No. Which is the whole reason why we feel it's important to find out whether or not he has to provide an account. Because there's been no immunity granted to him, our position is if he were to affirm a document presented to the trial court that would show exactly what happened to every penny that came out of that estate, he would, in essence, be affirming a document that could then be turned around and used against him in a criminal prosecution. There are no criminal charges pending. However, there's an investigation by the St. Clair County State's Attorney's Office that is still open and ongoing. Now, you indicated that we'd all understand what statute it was that he had to file the accounting under. Just assume we don't for a second. Now, as best I can find the statute you're probably talking about is 24-1, duty to account. Do you think that's what it is? I would believe that that is what it is, yes. And that says the account shall state the receipts and disbursements of the representative since the last accounting. That's correct. And there have been no accountings up to this point. And you're talking about your concern is that when he signs that, he's affirming the accuracy. That is correct. But you're saying that in lieu of doing that, you have provided all the information that is asked for in the accounting. That is correct. Without any information one way or the other. That is correct. The cases that I could find mainly dealt with individuals who were charged with tax evasion. And they were raising a Fifth Amendment right as to the documents that they had turned over to their accountant. And the accountant obviously has no rights to assert a Fifth Amendment privilege to documents that they've been given. So here we're not raising an issue as to the documents. We've given everything back to the trial court. Every document that we have, receipts, bank statements, everything we have that relates to the estate of Francis Muller has been given back. And he signed an affidavit attesting to the fact that he's given all the originals back? That is correct. Yes, he did. However, then the issue became the trial court's position was he now has to file an accounting as to what happened to the money in that estate. And our position is forcing him to file an accounting is a clear violation of his Fifth Amendment right against self-incrimination. Did anybody call him to the witness stand and go question by question? Normally in a contempt proceeding when you raise the Fifth Amendment you do it question by question. He was put before the court. He was sworn. And we invoked his Fifth Amendment right against self-incrimination. And that's included in the transcript that he was sworn and asked a question? You know, if I remember correctly, he was at the courthouse that day in the courtroom. I will retract that statement. If I remember correctly, actually, I actually appeared before the judge. I don't believe Mr. Pulaski ever actually got in front of the judge. But when the judge was ordering him to provide the accounting, it was at that point that I actually invoked his Fifth Amendment privilege on his behalf. So I redact that statement. He actually never did, if I remember correctly. With regards to an accounting, there could be portions of an accounting he could do without invoking the Fifth. Or is that impossible? Did you try to prepare an accounting and everything you put in there you felt was a violation of his Fifth Amendment? You know, that issue was not anything that we ever considered. We just made a blanket statement as to all of the accounting. I would imagine that there could be a partial accounting made, yes, that would address some. He could be put on a stand and say he was appointed to do this, and maybe this and this, and he'd get to a point possibly. Or maybe you could raise it sooner. It would just be dependent upon the kinds of questions that were being asked, I think. We had never, to be honest, ever considered a partial accounting. We just invoked our right as to blanket immunity as to the accounting in general. Because typically when you provide accounting, I believe what you just read says it's a full account. You're going to account for all of the activities, everything that occurred while you were acting as administrator of the estate. Receipts and disbursements, and that's what his theoretical problem is. That's, in fact, I don't know there's, I mean, yeah, you're pretty much, that's almost all that you do as an administrator. And we could probably take judicial notice that he was disbarred. That is correct. He was recently voluntarily surrendered his license to the Illinois Supreme Court approximately one or one-and-a-half months ago. Was that in connection with management of clients' funds? That is in connection with management of client files, including these. I believe all three of these were listed by the ARDC as files that had been mismanaged, in addition to some criminal cases and a couple of personal injury cases. With regards to Judge Welch's questions going in, is there a consent settlement? I don't know how you refer to it. Is that in the court file now? I mean, we would only have the record up to the point that it went to the appellate court. And this settlement, I take it, took place after it went up on there. That is correct. Is there a document in the file now that reflects a settlement, or should we just accept the letter from Mr. Russo? There will be in the file of Vernon, Denbo, and Erwin Watts a consent judgment that was signed by Judge Rice, indicating that, yes, the parties had entered into an agreement to settle those cases and that the actual terms of the settlement are confidential, but that the consent judgment was entered into by all of the parties and that the cases, as a result, should be considered disposed of or closed. Let me ask you this. With regard to Judge Welch's questions, is it moot, or should, if that's correct, should the show cause be discharged, or is it moot, or is there a difference to you or your client? I mean, Judge Rice has an order on file that finds your client in contempt, and the purpose of which is to bring him back in front of the court or hold him in jail until he testifies. And if there is no reason to testify, I would think that we should be discharged. I guess our position was, and the position that Judge Rice took, was because the minute we filed the notice of appeal after that order was entered holding him in direct civil contempt of court, he lost jurisdiction over the case. And I don't believe that he, at this point, necessarily wants to address the issue of the contempt. I think if you were to ask him, and I don't want to speak for him, but I think that the position of the court is that the issue that is before you, he's not going to do anything in the case until the Fifth District decides the issue of whether or not he has to testify. Well, let me ask it a different way. If Judge Rice orders him to pay $1,000 in child support and holds him in contempt and puts him in jail, and you take an appeal, and three weeks later he pays the money, what happens to the appeal? What do we do? Well, in a typical circumstance, I could see where the appeal would then be. It would be a moot point, I would imagine. As opposed to being discharged, I would think it would be a moot point. Okay. But there is still the issue in the estate of Francis Moore. I got it. I just want to make sure we get to two first. Can we get to that? Now the problem I think we might have is do we have any record to work from? If he didn't take the Fifth, you said that he's going to take the Fifth Amendment. Well, I invoked his Fifth Amendment rights on his behalf. But was he ever placed under oath? He was never placed under oath, no. Well, I'm worried about rightness in that case. Well, I don't believe that. I think the issue is right. I believe that an attorney has a right. Well, I do understand what you're saying. I mean, in this case, I believe that I had the right to invoke his Fifth Amendment. But it is in the record. So we would have a record that you're – Absolutely, yes. And you will not testify. And I believe the transcript. I provided the transcript as part of the court file. Okay. We haven't seen it yet. That's why I'm asking the question. There would be clearly in the transcripts transcribed where I had invoked his Fifth Amendment rights against self-incrimination. And the stay was put on for 35 days. I'm sorry? You had a stay on for 35 days. The judge in the order put a stay on. Yes. That's correct. So we would have time to file the appeal. But, you know, here I think this is a clear indication of somebody who has the right to invoke their right against self-incrimination pursuant to the Fifth Amendment because the simple reason is if he were to outline for the court all the receipts and distributions of the estate based on the accusations that have been made, he would be incriminating himself. He'd be affirming a document which could then be turned over to Mr. Hayda and turned around and used against him in a criminal prosecution. It would be the key piece of evidence. I think he has the right not to provide any accounting. Again, I'm not saying he's guilty or innocent of anything. There has been no charges filed. But the allegations are out there that there was money taken, and to provide an accounting would be a clear violation of his rights. Any questions from the panel? Well, our main concern was, was there anybody going to ask him a question so he could get out of jail? That was the question on the other two. But on this one, since we know now, on the record, it has not been settled. That is correct. The case of Francis Moll is still currently pending in the Sanford County Circuit Court. No further questions. Thank you. Thank you very much for your time. And we'll take the matter under advisement. Thank you. Thank you.